UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLANUEVA,<br><br>        Plaintiff (elect),<br><br>   v.<br><br>WARDEN D.K. SISTO, ASSOCIATE WARDEN'S SINGH, RODRIGUEZ CAPT. S. PECK, LT'S SORIOANO, WONG, FERGUSON, R. BENDER, CHIRILLA, SGT'S DURFEY, GOOD, MARTINEZ, BROOM, E. MAJOR, BESS, C/O'S 1-50, "FREE STAFF' DOES 1-25, SGT'S CUMMINS, BROOM, R. MITCHELL, ET AL.,<br><br>        Defendants. | NO. CV-08-0860-EFS<br><br>**ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT** |

Before the Court is *pro se* state prisoner Plaintiff Jose Villanueva's Complaint, alleging various constitutional violations under 42 U.S.C. § 1983. (Ct. Rec. 1.) Under the Prison Litigation Reform Act of 1995, the Court is required to screen prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief are properly dismissed. *Id.*

ORDER -- 1

§§ 1915A(b)(1), (2) & 1915(e)(2). After review, the Court finds an amended complaint is required. The reasons for the Court's Order are set forth below.

The Court understands Plaintiff to be bringing a class action alleging violations of the Fourteenth Amendment due process and Eighth Amendment cruel and unusual punishment clauses based on Defendants' failure to (1) provide procedures, including a psychiatric evaluation and investigative assistance, guaranteed by the Coleman Plan and (2) provide interpreters during the disciplinary process. Plaintiff seeks declaratory and injunctive relief on behalf of the identified class - Mexican National prisoners and prisoners receiving CCCMS care at CSP Solano in Vacaville, California.

Section 1983 creates a case of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and the law" of the United States. Establishing a section 1983 action requires a plaintiff to show: (1) a person acting under color of state law (2) committed an act that (3) deprived the claimant (4) of a federally-protected right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another of a federally-protected right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (brackets in the original).

A plaintiff's section 1983 complaint must set forth specific facts

ORDER -- 2

demonstrating how the named defendants caused or personally participated in depriving the plaintiff of his or her protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is important to remember, however, that *pro* se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 519-20 (1972). Courts must construe pleadings liberally and afford *pro se* plaintiffs any benefit of the doubt. *Jackson v. Carey,* 353 F.3d 750, 757 (9th Cir. 2003).

Here, even viewing Plaintiff's complaint liberally, it fails to set forth cognizable section 1983 claims against the named Defendants. The Court notes two (2) problems with Plaintiff's complaint.

First, the complaint fails to clearly identify an act by each Defendant that deprived Plaintiff and the purported class of a federally-protected right. *C.f. Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The complaint contains general allegations of wrongdoings and deprivations, however, these allegations are not tied to a specific Defendant.

Second, the Court finds the complaint fails to clearly set forth facts to plausibly support a section 1983 claim. *See* Bell Atl. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The complaint's factual allegations are confusing, vague, and conclusory. In addition, the complaint must set forth facts to support a Federal Rule of Civil Procedure 23(a) finding.

ORDER -- 3

In sum, Plaintiff's complaint is deficient. When deficiencies in the complaint exist, a *pro* se litigant must be given an opportunity to amend his complaint unless it is absolutely clear that the deficiencies could not be cured by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1128 (9th Cir. 2000) (en banc). Accordingly, Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order. The amended complaint shall:

1. be legibly rewritten or retyped in its entirety;
2. be an original and not a copy and may not incorporate any part of the original complaint by reference;
3. be a single document;
4. be clearly labeled "First Amended Complaint" and cause number CV-08-860-EFS must be written in the caption. The first amended complaint will operate as a complete substitute for - rather than a supplement to - the present complaint;
5. contain a section titled: **Parties**. This section shall identify all the defendants who caused the alleged deprivation of Plaintiff's constitutional rights. If Plaintiff names individuals, he shall identity that he is suing these individuals "in their individual capacity";
6. contain a section titled: **Facts**. This section shall set forth the facts that comprise Plaintiff's cause of action, i.e., identify what each individual Defendant did with specificity and when. Each factual allegation shall be set forth in separate, numbered paragraphs;
7. contain a section titled: **Claims**. This section shall set

ORDER -- 4

forth the claims showing that Plaintiff is entitled to relief, i.e., identify what constitutional rights Defendants allegedly violated **and how**; and

8. contain a section titled: **Prayer for Relief**. This section shall set forth what relief Plaintiff seeks.

Plaintiff's first amended complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants). As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

**Plaintiff is cautioned that if he fails to amend within sixty (60) days as directed, the Court will dismiss the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three (3) or more civil actions or appeals that are dismissed because they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."

If Plaintiff chooses to amend his complaint, and the Court finds the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil

ORDER -- 5

Procedure.  Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g).  A voluntary dismissal within this sixty-day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $350.00.  However, if Plaintiff elects to take a voluntary dismissal within the sixty-day period, Plaintiff may simultaneously file a separate affidavit and motion to waive collection of the remaining balance of the filing fee in this action.  The Court will grant such a motion only for good cause shown.  In no event will prior partial payments be refunded to Plaintiff.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint, a civil rights complaint form, and a copy of the Local Rules for the Eastern District of California.

**DATED** this  11th   day of March 2009.

S/ Edward F. Shea
EDWARD F. SHEA
UNITED STATES DISTRICT JUDGE

C:\WINDOWS\Temp\notes101AA1\ed.ca.08.0860.screen.wpd

ORDER -- 6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VILLANUEVA,<br><br>    Plaintiff (elect),<br><br>  v.<br><br>WARDEN D.K. SISTO, ASSOCIATE WARDEN'S SINGH, RODRIGUEZ CAPT. S. PECK, LT'S SORIOANO, WONG, FERGUSON, R. BENDER, CHIRILLA, SGT'S DURFEY, GOOD, MARTINEZ, BROOM, E. MAJOR, BESS, C/O'S 1-50, "FREE STAFF' DOES 1-25, SGT'S CUMMINS, BROOM, R. MITCHELL, ET AL.,<br><br>    Defendants. | NO. CV-08-0860-EFS<br><br>MOTION TO VOLUNTARILY DISMISS COMPLAINT |

    Plaintiff Jose Villanueva requests the court grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff is proceeding *pro se*; Defendants have not been served in this action.

    **DATED** this _____ day of _____ 2008.

                                          _____
                                          Jose Villanueva

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1